**ROSALY v. GONZALEZ.**
No. 3359.

Circuit Court of Appeals, First Circuit.
Aug. 2, 1939.

Erasto Arjona Siaca, of Ponce, P. R., for appellant.

Harold S. Budner, of New York City, for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

PER CURIAM.

The facts out of which this appeal to this court arose are as follows:

On June 30, 1936, the debtor-appellant filed in the United States District Court for the District of Puerto Rico having jurisdiction in bankruptcy matters, a petition for an opportunity to effect a composition or an extension of time to pay her debts under the provisions of Section 74 of the Bankruptcy Act, 11 U.S.C.A. § 202. An order approving the petition as properly filed was signed on the same day.

On July 10, 1936, the debtor-appellant obtained an order restraining the creditor-appellee from prosecuting a foreclosure proceeding pending in the District Court of Ponce at Puerto Rico.

An amended petition under Section 74 was filed in the same proceedings on February 24, 1937, and a proposal for an extension of time to pay her debts was filed by the debtor-appellant on March 29, 1937. Under this proposal the creditor-appellee was to receive within one year from the date of confirmation a sum equal to 10 percent of the principal of her secured debt.

The proposed plan was confirmed by order of the referee, Frank Bianchi, on April 20, 1937. The order of confirmation contained a clause by which the District Court retained jurisdiction of these proceedings.

On April 26, 1938, the debtor-appellant having failed to comply with the terms of the order and the extension proposal submitted by the debtor within the year, the creditor-appellee requested the District Court to vacate the restraining order of

July 10, 1936, which was opposed by the debtor.

The motion to vacate was heard on May 23, 1938. After hearing the witnesses adduced on behalf of the debtor, the court granted the debtor fifteen days within which to comply with the terms of the extension plan, or show cause. The debtor failed to comply with the plan or to show cause for her failure to comply within the fifteen day period.

On June 10, 1938, the creditor-appellee again petitioned the District Court for an order vacating the restraining order of July 10, 1936. The petition came on to be heard on June 17, 1938, the debtor appearing in opposition. Upon the pleadings filed by both sides and the evidence submitted, the Judge of the District Court granted the application to vacate the restraining order of July 10, 1936, which permitted the creditor-appellee to prosecute the foreclosure action against the debtor-appellant. The order vacating the restraining order was filed June 17, 1938. It is from this order that the petition for appeal was allowed.

The debtor-appellant filed a brief in which are raised many questions, the most of which are frivolous or without merit, or have no bearing on the issues in this appeal and require no consideration. The original motion was for an opportunity to effect a composition or an extension of time to pay her debts. The debtor's proposal which was submitted was obviously for extension of time to pay her debts under Section 74 of the Bankruptcy Act. It provided for the payment of debts over a period of five years.

Irrespective of the fact that the term "composition" was apparently carelessly used in the proposal, a casual reading of the order of the referee clearly indicates that it was intended to confirm the extension proposal and retain jurisdiction to enforce the provision of the proposal.

█ If it had been an order to confirm a composition under Section 74, the court would have been compelled to dismiss the composition proceeding. Upon confirmation of an extension proposal the court may dismiss or retain jurisdiction of property and of the debtor.

█ The court being satisfied that the terms of the extension proposal have been violated, it had jurisdiction to vacate the restraining order previously issued in its discretion.

█ A statement of some of the debtor-appellant's objections at once discloses the lack of real merit in her appeal: The contention of the appellant that the court erred in passing upon the subject matter of the petition and the motion filed by petitioner Amparo Gonzalez to vacate the restraining order because such petition was not duly verified is obviously frivolous and absurd. The law is definite and well settled that any objections to the lack of verification in a petition must be raised immediately or not at all. Where an answer is filed to an unverified petition, which petition should have been verified, such an answer constitutes a waiver of the lack of verification. Leidigh Carriage Co. v. Stengel, 6 Cir., 95 F. 637.

█ The allegation that the proceedings below were dismissed without notice to creditors is also without merit. The reason is simple. The proceedings never were dismissed and hence Section 58a(8) of the Act, 11 U.S.C.A. § 94(a) (8), is wholly inapplicable. The effect of the vacating order was merely to refer the appellee back to her right of foreclosure in the Civil Courts. Both before and subsequent to the passage of Section 74 of the Bankruptcy Act, the law was well settled that a secured creditor could not be divested of his lien under the Bankruptcy Law.

█ Even if the technicalities alleged by the debtor in support of her appeal were real and substantial, appellant is nevertheless estopped from asserting them. They were all of her own doing, on which she relies to her own advantage.

The debtor filed her petition for an extension or composition on June 30, 1936. Almost three years have elapsed, during which time the creditor-appellee has received nothing on account of her indebtedness. Not satisfied, the debtor now urges that the appellee should still receive no relief because the debtor, in securing this long past postponement in the payment of her indebtedness, did not prepare her legal documents with accuracy.

The appellee respectfully submits, that to uphold the debtor's stand in this appeal, would be a miscarriage of justice.

In R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 328, 78 L.Ed. 647, the court said: "No one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong."

172

In Myers v. Louisiana & A. R. Co., D.C., 7 F.Supp. 97, 99, the court well said: "When appealing to a court of equity * * the plaintiff should not himself be responsible for the condition of which he complains."

The contention that the debtor showed good and reasonable cause, sufficient to prevent "dismissal" of the proceedings, or the contention that the court should not have vacated the restraining order until the custodian had remitted funds, allegedly in his possession, are likewise specious.

Other than the self-serving declarations of the debtor, set forth in her answering affidavit, the record fails to disclose any facts in support of such contentions.

The court below examined not only the opposing affidavits, but heard the testimony of witnesses adduced on behalf of the debtor. The court's action in vacating the restraining order is the best commentary on the merit of the debtor's argument that she showed good and reasonable cause for further delay.

The appeal is dismissed and the order of the District Court is affirmed.